1  Maria W. Tam, ESQ. (CSB #164996)
   Law Office of Maria W. Tam
2  809 S. Atlantic Blvd., Suite 205
   Monterey Park, CA 91754
3  Tel: (626) 281-9353
   Fax: (626) 281-9354
4

5  Attorney for Defendants
   American Tire Corporation and
6  Abraham Hengyucius

7

8           **UNITED STATES DISTRICT COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA**

10

11  AMERICAN TIRE DISTRIBUTORS, INC., a        )  CASE NO.: CV 08-2971 MMM
    Delaware corporation,                      )
12                                             )  NOTICE OF MOTION AND
                                               )  MOTION TO SET ASIDE DEFAULT
13                Plaintiff,                    )  ENTERED AGAINST DEFENDANT
                                               )  AMERICAN TIRE CORPORATION
14       v.                                     )  AND DEFENDANT ABRAHAM
                                               )  HENGYUCIUS PURSUANT TO
15                                             )  FEDERAL RULES OF CIVIL
                                               )  PROCEDURE RULE 55 ( c); AND
16  AMERICAN TIRE CORPORATION,                 )  DECLARATION OF ABRAHAM
    unincorporated business with an address in El )  HENGYUCIUS IN SUPPORT
17  Monte California, ABRAHAM HENGYUCIUS,      )  THEREOF
    an individual and DOES 1 through 10,       )
18                                             )  HEARING DATE: March 2, 2009
                  Defendants.                   )  TIME: 10:00 a.m.
19  _____     )  CRTRM: 780

20          TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

21          PLEASE TAKE NOTICE that defendants American Tire Corporation and Abraham

22  Hengyucius will bring the Motion to Set Aside Entry of Default before this Court on March 2,

23  2009 at 10:00 a.m., or as soon thereafter as the matter can be heard in the above-entitled

24  Courtroom of the Edward R. Roybal Building and Courthouse located at 255 E. Temple Street,

25  Los Angeles, CA 90012 , to set aside the default because defendants were not properly served

26  with process and did not receive notice of this action.

27          This motion is based on this document, the declaration of Abraham Hengyucius, the

28

1    memorandum of points and authorities, and whatever evidence and arguments are presented at

2    the hearing of this motion.

3

4                                                         Law Office of Maria W. Tam

5

6

7

    Dated: January 9, 2009                              _____

8                                                        Maria W. Tam
                                                         Attorney for Defendants
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RELIEF SOUGHT**

According to the court's case summary report, default by clerk was entered against American Tire Corporation (hereinafter "Defendant ATC") on July 18, 2008 and default by clerk was entered against Abraham Hengyucius (hereinafter "Defendant Hengyucius" ) on or about August 20, 2008.  Defendants American Tire Corporation and Abraham Hengyucius move this Court to set aside the default entered against them and permitting them to respond to the plaintiff's complaint by filing an Answer or other responses.

**GROUNDS FOR RELIEF**

Good cause, within the meaning of Rule 55 ( c) of  Federal Rules Civil Procedure, exists for setting aside the default in this action because, as is more fully shown in the memorandum of points and authorities and the declaration of Abraham Hengyucius:

1.      Defendants were not properly served with the complaint and did not have notice of the complaint until recently. It will be an unjust to enter default against defendants since they were not aware of this action.

2.      It would be an injustice to enter against the defendants ATC and Hengyucius in this case since they have a valid defense to the plaintiff's complaint.


This motion is based on notice of motion, the accompanying affidavit and the accompanying memorandum of points and authorities.


                                                                    Law Office of Maria W. Tam


Dated: January 9, 2009                                      _____
                                                                    Maria W. Tam
                                                                    Attorney for Defendants

## I.      FACTS

Defendant American Tire Corporation (hereafter "ATC/Defendant ATC")  is a corporation incorporated in the State of New Jersey.  ATC is not a corporation registered in the State of California and does not have its principal place of business nor any branch office at 10501 Valley Blvd., El Monte, California.  Plaintiff allegedly served defendant ATC at this address.  Plaintiff' service of the complaint and any other legal documents are not proper.

Defendant Abraham Hengyucius (hereafter "Hengyucius/Defenant Hengyucius") is the president of ATC.  Hengyucius does not work at 10501 Valley Blvd., El Monte, California and he has not authorized anyone to accept service of any complaint or other legal documents on his behalf.  In fact, Defendant Hengyucius has not even been to the city of El Monte, California for almost two years.  According to plaintiff, plaintiff allegedly sub-served legal documents on Defendant ATC and Hengyucius at the aforementioned El Monte address by giving legal documents to some unknown individuals.  As stated above, any alleged service against Defendant ATC and Defendant Hengyucius at the aforementioned El Monte address is not proper service.

Defendants ATC and Hengyucius did not have notice of this lawsuit until recently.  Upon the discovery of the existence of this lawsuit, defendants filed this motion to set aside the default entered against them since they were not properly served nor notified of this lawsuit.

Additionally, upon careful review of plaintiff's complaint, defendants strongly object to the plaintiff's claims since it is totally groundless.  Defendant ATC is a tire manufacturer and makes its own brand of tires.  Plaintiff, on the other hand, is a wholesale distributor of tires and does not manufacture tires.  ATC manufacturers its own brand of tires under the trademark of "COLORADO" tires.  ATC only manufactures Off The Road (hereafter "OTR") giantic tires which are used in mining, construction and harbor equipment only. All "COLORADO" brand giant OTR tires made by ATC are much taller than a regular adult.  The tires made by ATC weighs more than 10,000 pounds.  Enclosed hereto as exhibit A is a photograph showing the actual size of the tires manufactured by ATC.  The tires manufactured by ATC are not the type of tires that will fit regular passenger cars or Sport Utility Vehicles (hereafter "SUVs") or

1    container-hauling trucks that run on city roads and freeway.

2         The plaintiff, on the other hand, is just a wholesaler that distributes and sells tires made

3    by other tire manufacturers.  The plaintiff sells more than twenty (20) different brands of smaller

4    tires designed for passenger cars, SUVs and container-hauling trucks.  Plaintiff carries tires that

5    are less than 200 pounds.  The targeted customers are totally different.  It is common sense that

6    the giantic OTR tires made by ATC will not fit on the smaller rim designed for regular vehicles.

7    There is no confusion among the purchasers.

8         According to plaintiff's complaint, plaintiff carries tires for passenger vehicles, pick-up

9    trucks, sport utility vehicles, tractor-trailers, buses, commercial applications, farm machinery,

10    and specialty and recreational vehicles.  Defendant ATC does not carry any of these small tires

11    for these types of vehicles.  There is no confusion among all of the customers.

12

13    **II.**     **MEMORANDUM OF POINTS AND AUTHORITIES**

14         Federal Rules of Civil Procedure Rule 55 ( c) provides that the court "for good cause"

15    can set aside default entered against a defendant.  Without waiving their defense that this Court

16    lacks personal jurisdiction over defendant ATC and defendant Hengyucius, defendants pray that

17    the Court will set aside the default entered against them.  As stated above, Defendant ATC does

18    not have any principal place of business nor any branch office at 10501 Valley Blvd., El Monte,

19    California.  Any alleged service against Defendant ATC at said address is not proper service.

20    Likewise, Defendant Hengyucius does not have any office at 10501 Valley Blvd., El Monte,

21    California and has not been to the city of El Monte for almost two years.  Any alleged against

22    defendant Hengyucius at said address is not proper.  At the time that the Default by Clerk were

23    entered against the defendants, the defendants were not actually in default since they were not

24    properly notified.  As such, the defaults entered are void.

25         Additionally, as stated above and in the Declaration of Abraham Hengyucius, defendant

26    ATC has a meritorius defense against the complaint of plaintiff.  Defendant ATC manufactures

27    Off The Road giantic tires versus plaintiff is a wholesale distributors of regular tires.  The

28    targeted customers are totally different and there is no confusion among the customers.

1        Upon the discovery of this action and the entry of defaults against them, the defendants

2  have promptly retained counsel to file this motion to set aside the defaults.  Thus, defendants

3  respectfully pray that the Court will set aside the default entered against the defendants so that

4  this case can be determined based on the merits of the case.

5  **III**      **CONCLUSION**

6        For the reasons stated above, defendants American Tire Corporation and Abraham

7  Hengyucius pray that the Court would set aside the default entered against them by the plaintiff

8  and provide defendants 20 days to file the Answer or other response to the plaintiff's complaint.

Law Office of Maria W. Tam

Dated: January 9, 2009             _____

Maria W. Tam
Attorney for defendants

- 6 -

**<u>DECLARATION OF ABRAHAM HENGYUCIUS</u>**

I, Abraham Hengyucius, declare as follows:

1.      I am over the age of eighteen years old.  I am familiar with the following testimony and can testify to it if called upon to do so.

2.      I am the president of American Tire Corporation, a corporation incorporated in the State of New Jersey.

3.      American Tire Corporation is not registered in the State of California and does not have an office in El Monte, California as alleged by the plaintiff.

4.      Until recently,  I have not been informed that there is any lawsuit against American Tire Corporation and myself.  Recently, when I was in Akron, Ohio attending an international tire manufacturer's conference, a news reporter told me that there was an action filed against American Tire Corporation and me personally.  I was very surprised since neither I nor American Tire Corporation were served with any lawsuits.  Based on the information provided by the reporter, I started investigating the matter.

5.      Upon further investigation, I discovered that there is this action filed by the plaintiff and that defaults have already been entered.   I therefore retained the Law Office of Maria W. Tam to represent American Tire Corporation and me to file this motion to set aside the defaults and to litigate this action since we have not done anything wrong.

6.      American Tire Corporation does not have its principal place of business nor any branch office at 10501 Valley Blvd., El Monte, California.  Thus, any alleged proof of service by the plaintiff against American Tire Corporation at such address is not proper.

7.      I have not been personally served with any summons or complaint in this action.  I have not authorized any one to receive any summons or complaint on my behalf.  The aforementioned El Monte address is not my office nor my residence.  I have not been to the City of El Monte for almost two years.  Thus, any alleged service against me at the El Monte address is not proper.  Thus, I pray that the Court will set aside the default against American Tire Corporation and me since we were not notified about this action.

8.      Additionally, American Tire Corporation and me strongly object to plaintiff's

complaint since it is totally groundless. American Tire Corporation is a tire manufacturer. It is not a wholesale distributor. We manufactures our own brand of tires under the trademark of "COLORADO". American Tire Corporation only manufactures giant Off The Road (hereafter "OTR") tires which are used in mining, construction and harbor equipment only.

9.     All "COLORADO" brand giant OTR tires made by American Tire Corporation are much taller than a regular adult. The tires made by American Tire Corporation in general weighs more than 10,000 pounds. Whereas, the plaintiff carries tires that weighs less than 200 pounds. Enclosed hereto as exhibit "A" is photograph showing the actual size of the tires manufactured by American Tire Corporation.

10.     The tires manufactured by American Tire Corporation are not the type of tires that will fit regular passenger cars or Sport Utility Vehicles (hereafter "SUVs") or container-hauling trucks that run on city roads and freeway.

11.     Whereas, the plaintiff American Tire Distributors Inc., on the other hand, is just a wholesaler that distributes and sells goods manufactured by other tire manufacturers. The plaintiff sells more than twenty (20) difference brands of smaller tires designed for passenger cars, SUVs and container-hauling trucks. The targeted customers is totally different. It is common sense that the giant OTR tires will not fit on the smaller rim designed for regular vehicles. There is no confusion among the purchasers.

12.     According to plaintiff's complaint, plaintiff carries tires for passenger vehicles, pick-up trucks, sport utility vehicles, tractor-trailers, buses, commercial applications, farm machinery, and speciality and recreational vehicles. American Tire Corporation does not carry any of these small tires for these types of vehicles. There is no confusion among all the customers.

I declare under the penalty of perjury that the foregoing is true and correct. Executed at Monterey Park, California.

Dated: January 9, 2009

Abraham Hengyucius
Declarant

- 8 -

**PROOF OF SERVICE BY MAIL**

I am a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action;  my business address is 809 S. ATLANTIC BLVD., SUITE 205, MONTEREY PARK, CA 91754.

On January 14, 2009 I served the within **NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT ENTERED AGAINST DEFENDANT AMERICAN TIRE CORPORATION AND DEFENDANT ABRAHAM HENGYUCIUS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 55 ( c); AND DECLARATION OF ABRAHAM HENGYUCIUS IN SUPPORT THEREOF** on the interested parties by placing a true copy thereof enclosed in a sealed envelope thereon, fully prepaid, by first class mail of the United States mail at Monterey Park, CA 91754, addressed as follows:

James R. Hannah                        Lisa Kobialka
Perkins Coie                           King & Spalding
101 Jefferson Drive                    1000 Bridge Parkway, Suite 1000
Menlo Park, CA 94025                   Redwood Shores, CA 94065


Clark Lackert                          Kathleen E. McCarthy
King & Spalding LLP                    King & Saplding LLP
1185 Avenue of the Americas            1185 Avenue of the Americas
New York, NY 10036                     New York, NY 10036

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Monterey Park, CA 91754 in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.  I declare, under penalty of perjury, that the foregoing is true and correct.  Executed at Monterey Park, California on January 14, 2009

_____
JAMES YANG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Real Photo on ATC-made Colorado brand giant tire – clearly, not any car, or SUV, or big truck can use such big tires.

**Exhibit A**