LISA KOBIALKA, Bar No. 191404
lkobialka@kslaw.com
JAMES HANNAH, Bar No. 237978
jhannah@kslaw.com
KING & SPALDING LLP
333 Twin Dolphin Dr., Suite 400
Redwood Shores, CA 94065
Telephone:  (650) 590-0700
Facsimile:   (650) 590-1900

Attorneys for Plaintiff
American Tire Distributors, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN TIRE DISTRIBUTORS, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>      v.<br><br>AMERICAN TIRE CORPORATION, unincorporated business with an address in El Monte California, ABRAHAM HENGYUCIUS, a individual and DOES 1 THROUGH 10,<br><br>           Defendants. | CASE NO.:  CV08-2971 MMM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF AMERICAN TIRE DISTRIBUTORS, INC.'S OPPOSITION TO MOTION TO SET ASIDE DEFAULT**<br><br>**Date:** March 2, 2009<br>**Time:** 10:00 a.m.<br>**Before:** Honorable Margaret M. Morrow<br>**Location:** Courtroom 780 |

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. FACTUAL BACKGROUND..............................................................................2

III. ARGUMENT ......................................................................................................6

    A. Service of the Complaint and Summons Was Valid And Defendants' Failure To Respond Is Caused By Their Own Culpable Conduct ...........................................................................................7

    B. Defendants Have Indicated They Will Use the Opportunity Presented by Any Lifting of Default to Further Delay the Proceedings and Prejudice Plaintiff .............................................12

    C. Should the Court Set Aside Default, Conditions Should Be Imposed to Advance the Case and Ensure Defendants' Compliance with the Rules of Procedure....................................13

IV. CONCLUSION................................................................................................15

# TABLE OF AUTHORITIES

**CASES**

American Ass'n of Naturopathic Physicians v. Hayhurst,
  227 F. 3d 1104 (9th Cir. 2000) ................................................................. 6

Grand Canyon Resort Corp. v. Drive-Yourself Tours, Inc.,
  No. CV-05-03469-PHX-SMM, 2006 WL 1722314
  (D. Ariz. June 22, 2006) ....................................................................... 11

Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisana Hydrolec,
  854 F.2d 1538 (9th Cir. 1988) ............................................................... 13

TCI Group Life Ins. Plan v. Knoebber,
  244 F.3d 691 (9th Cir. 2001) ........................................................ 6, 10-11

Resolution Trust Corp. v. Bowen,
  No. CV-92-1671-PHX-PGR, 2008 WL 2001270 (D. Ariz. May 7, 2008) ........ 10

Trustees of the S. Cal. IBEW-NECA Pension Plan et al. v. Sabco Electrique,
  Inc., No. CV 07-7894 ODW(AJWx), 2008 WL 4297223
  (C.D. Cal. Sept. 15, 2008) ............................................................. *Passim*

**STATUTES**

Cal. Civ. Proc. Code § 415.20(a) ................................................................. 3, 8-9

Cal. Civ. Proc. Code § 415.20(b) .................................................................... 3, 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 4(e)(1) ........................................................................................ 8

Fed. R. Civ. P. 4(h)(1)(A) ................................................................................... 8

Fed. R. Civ. P. 4(h)(1)(B) ................................................................................... 9

Fed. R. Civ. P. 55(c) ...................................................................................... 1, 6

## I. INTRODUCTION

Plaintiff American Tire Distributors, Inc. ("ATD" or "Plaintiff") opposes Defendants' Motion to Set Aside Default.[1]  Under Federal Rule of Civil Procedure 55(c), the entry of default may only be set aside if Defendants establish "good cause" for doing so.  In their papers dated January 9, 2009 and filed January 14, 2009, Defendants assert that they were not properly served and did not receive notice of this action until "recently."  The facts show otherwise, including proofs of service that Defendants were properly served more than six months ago.  Moreover, in out-of-court statements, Defendants have admitted to actual knowledge of this action and the entries of default **since September 2008**.

Even assuming service prior to August 2008 was not proper (which Plaintiff disputes), Defendants did not act promptly to correct the allegedly improper entries of default once they admittedly were aware of this action and were aware of their default status.  Defendants did not act promptly to appear in this action even after Plaintiff - in an abundance of caution- again served all of the papers in this action on Defendants on October 6, 2008 by personal rather than substituted service.

Defendants have engaged in a pattern of conduct that demonstrates an unwillingness to comply with the rules and procedures of the Court and a propensity to provide misleading information such as false claims that Defendants' discovery of this action was "recent" or that Defendant Hengyucius had not been personally served.  The Court should hold Defendants responsible for their actions by denying Defendants' motion to set aside the entries of default and/or by imposing such conditions as are necessary to ensure that Defendants are no longer able to play fast and loose with the rules of the Court.

---

[1] Defendant American Tire Corporation ("ATC") and Defendant Abraham Hengyucius ("Hengyucius") are collectively referred to herein as "Defendants."

## II.    FACTUAL BACKGROUND

In 2006 and 2007, ATD sent Defendants cease-and-desist letters requesting that Defendants stop its unfair business practices and activities that infringe on ATD's trademark. These letters were mailed, faxed and emailed to the various addresses in California and New Jersey that could be located for Defendants. *See* Declaration of Kathleen McCarthy In Support of Plaintiff American Tire Distributors, Inc.'s Opposition To Defendants' Motion To Set Aside Default ("McCarthy Decl."), ¶¶ 2-4, Exs. 1-2. Defendants did not respond to these letters and continued to issue press releases using their infringing business name and operate a website with a confusingly similar domain name to ATD's trademark. Id. ATD had no choice but to file its Complaint against Defendants for violation of federal trademark law and unfair competition under federal, state and common law. The Complaint was filed May 6, 2008. Id., ¶ 6, Ex. 3 (Dkt. No. 1).

ATD attempted to obtain additional information regarding Defendants in order to serve them with the summons and Complaint. *See* id., ¶¶ 5, 7. Defendants' website provides contact information consisting of a P.O. Box in Chino, California and phone numbers with California area codes. *See* id., ¶ 28, Ex. 18. Aside from the limited information on the Defendants' website, public information was difficult to find. *See* id., ¶ 5. Plaintiff could find no record that Defendant ATC was incorporated or registered to do business in any state and could find no personal address or drivers license information for Defendant Hengyucius, who also appeared to use one or more aliases including "Hengyu Zhang," "Zhang Hengyu," and "Albert Hy." *See* id.

ATD located another case in the Los Angeles County California Superior Court where the proof of service dated March 17, 2008 indicated that Defendant Hengyucius was a registered agent of "American Seashores International, Inc., a

corporation a/k/a American Tire Corporation," with a registered address in El Monte. McCarthy Decl., ¶¶ 8-9, Exs. 4-5. Also, an investigator's postal trace showed the El Monte address was valid for Defendant ATC. Id., ¶ 8, Ex. 4. Furthermore, Defendants' websites, trade publications and corporate records indicate that American Seashore is either the same entity or closely associated with Defendant ATC and owned and operated by Defendant Hengyucius. *See* id., ¶¶ 5, 8, 24, Exs. 4, 14.

Plaintiff proceeded to serve the Complaint and summons on Defendant ATC at the El Monte address on June 11, 2008. *See* id., ¶ 10, Ex. 6. Service on Defendant ATC was carried out by delivery of the papers to a woman who identified herself as "Violet." *See* id. Violet Lee is listed as an account manager for Defendant ATC in a 2007 industry directory. *See* id., ¶ 11, Ex. 7. The papers were also mailed to Defendant American Tire Corporation at the El Monte address. *See* id., ¶ 10, Ex. 6. Service was considered effective on June 25, 2008 under Cal. Civ. Proc. Code § 415.20(a).

Plaintiff also served, at the same address, the Complaint and summons by substituted service on Defendant Hengyucius on July 10, 2008. *See* id., ¶ 12, Ex. 8. Service on Defendant Hengyucius was carried out by delivery of the papers to a woman who identified herself as "Julie," a secretary at the office. *See* id. The papers were also mailed to Defendant Hengyucius at the El Monte address. *See* id. That service was considered effective on July 28, 2008 under Cal. Civ. Proc. Code § 415.20(b).

After Defendants failed to respond to the Complaint within a 20-day time period, the Clerk entered default against Defendant ATC and against Defendant Hengyucius. *See* id., ¶¶ 13-14, Exs. 9-10. On August 20, 2008, Plaintiff filed a motion for default judgment against Defendants. *See* Dkt. No. 25.

     Approximately a month after filing and serving its motion for default judgment, some of the papers mailed to the El Monte address were returned in the mail to Plaintiff.  *See* McCarthy Decl., ¶¶ 16-17.  Plaintiff also became aware that a reporter for a tire industry publication questioned Defendant Hengyucius about this action and Defendant Hengyucius advised the reporter that he had not been served with papers.  *See* id., ¶¶15, 18, Ex. 11.  Defendants state in the September 22, 2008 email, styled as a press release, that it received papers from the reporter and ATC's legal department is going to take action against Plaintiff and its attorneys.  Id.

     At that time, out of an abundance of caution, Plaintiff expended significant time and money in re-serving all the papers in the case at all the known mail, email, and fax addresses for Defendants.  *See* id., ¶¶ 25, 33, Exs. 15, 21.  On October 6, 2008, all of the papers in this case (including the summons, complaint and the default papers) were successfully served by personal service on both Defendants at an address in Chino, California.  *See* id., ¶¶ 26-27, Exs. 16-17.

     Ten days later, on October 16, 2008, attorney Maria Tam left a brief telephone message for Plaintiff's counsel.  Id., ¶ 19.  The next day, Plaintiff's counsel returned the call.  Id.  Ten more days passed without word from Defendants.  Plaintiff's counsel then wrote to Ms. Tam, on October 27, 2008, advising her of the service made to date and the pending motion for default judgment and requesting that she enter a formal appearance immediately if she, in fact, represented Defendants in this matter.  *See* id., ¶ 20, Ex. 12.

     Another ten days passed.  Then, on November 6, 2008, Ms. Tam called Plaintiff's counsel and asked if Plaintiff would consider withdrawing the motion for default.  Id., ¶ 21.  Plaintiff's counsel responded the next day, noting that no reason had been given as to why Plaintiff should withdraw the motion and that due to Defendants' actions, Plaintiff had been forced to prepare and file the initial

papers in this case, serve the papers in numerous ways, detail the service efforts to the court, and prepare, file and serve the default papers. See id., ¶ 22, Ex. 13. In the same e-mail, Plaintiff's counsel also inquired whether Defendants would consider settling the matter outside of litigation. See id.

Next, Defendants waited **nearly ten weeks** before doing anything further. See id., ¶ 23. Defendants never bothered to provide any details regarding why Defendants believed the default should be set aside, to respond to Plaintiff's request to discuss settlement, or to file a notice of appearance, and simply filed their instant motion to set aside the entries of default. Defendants' motion papers do not include the required L.R. 7-3 statement that parties conferred regarding the substance of Defendants' motion and, as set forth above, the required L.R. 7-3 statement could not be made as no meaningful conference was conducted.

Prior to filing this opposition brief, ATD's counsel called Ms. Tam and discussed with her various means of avoiding motion practice on the default issue, including entering into a stipulation to be ordered by the Court whereby Defendants would consent to jurisdiction, waive further service and Defendant Hengyucius would appear for a deposition within a set time, if the case could not be settled. McCarthy Decl., ¶ 30. ATD's counsel also proposed that the parties agree to participate in court-ordered mediation before the Magistrate Judge assigned to this case. See id., ¶ 31, Ex. 19  Another follow-up email was sent and then faxed to Ms. Tam on January 26, 2009. See id., ¶ 32, Ex. 20.

Ms. Tam responded after business hours on Monday, January 26, 2009 (the day before the brief was to be filed), leaving messages for Plaintiff's counsel indicating that Defendants would agree to some sort of stipulation allowing the case or proceed in California, but not providing details on what would be stipulated. See id., ¶ 34, Ex. 22. Plaintiff's counsel is attempting to reach

agreement with Defendants regarding an appropriate stipulation, but was unable to conclude arrangements before the deadline for filing this paper.  See id., ¶ 35, Ex. 23.

### III.   ARGUMENT

An entry of default may only be set aside if Defendants prove "good cause". Fed. R. Civ. P. 55(c).  Upon valid service, Defendants have the burden of demonstrating that good cause exists for lifting the default.  See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).  The "good cause" analysis considers factors such as whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default would prejudice plaintiff.  Id. (citations omitted).  "These factors are disjunctive, and the district court is free to deny the motion if **any** of the three factors is true."  Trustees of the S. Cal. IBEW-NECA Pension Plan v. Sabco Electrique, Inc., No. CV 07-7894 ODW(AJWx), 2008 WL 4297223, at *2 (C.D. Cal. Sept. 15, 2008) (emphasis added) (internal quotations omitted) (citing American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000)), *available at* McCarthy Decl., ¶ 36, Ex. 24.

Defendants have not carried their burden.  The facts show service of the Complaint and summons was proper and the entries of default against Defendants are valid.  Even if initial service of the Complaint and summons is held as defective, Defendants admit having actual notice of this suit and the papers in September 2008.  Defendants have not proven any viable reason for their failure to take action in this case from September to January.  Defendants' actions demonstrate that they are seeking to avoid and delay a determination on the merits. Indeed, Defendants' actions, including the timing and substance of their motion to set aside the default, demonstrate a willingness to ignore the rules and delay this

action as much as possible.  Given Defendants' pattern of activities, it is likely that if the default is lifted, Defendants will continue to take steps to make this case as difficult as possible.

### A. Service of the Complaint and Summons Was Valid And Defendants' Failure To Respond Is Caused By Their Own Culpable Conduct

The central focus of the rules regarding service in the Federal Rules of Civil Procedure is that a defendant is given adequate notice of the suit.  <u>Trustees of S. Cal. IBEW-NECA Pension Plan</u>, 2008 WL 4297223, at *3, *available at* McCarthy Decl., ¶ 36, Ex. 24.  Defendants cannot fairly claim that they did not have sufficient or adequate notice of this action.  In fact, Plaintiff's efforts to give notice to Defendants have been above-and-beyond what was necessary in order to provide Defendants with notice of this action.  Defendants, by their own failure to act, caused the default to be entered against them.  In Defendant Hengyucius' declaration, he attempts to disguise the unexcused delay for their lack of responsiveness by claiming that he only "recently" became aware of this action. This statement is misleading as the proofs of service show Defendants were served more than six months ago with the Complaint and summons and other evidence shows that Defendants admitted to knowledge of the suit and the entries of default more than 3 months ago.

ATD complied with the Federal Rules of Civil Procedure in serving Defendants with the Complaint and summons and providing adequate notice to Defendants of this suit.  If American Tire Corporation was duly registered to do business in the State of California (or New Jersey), then state records would provide clear information regarding registered agents for service.  But apparently Defendants are not operating their business by the books and ATD could find no

record that Defendants are incorporated in any state, including the states of California or New Jersey.[2]  McCarthy Decl., ¶¶ 5, 29.  Defendants apparently operate under multiple identities and aliases, and their suspicious activities have been followed by various bloggers in the tire trade.  See id., ¶¶ 5-6, 8-9, 24, Exs. 3-5, 14.

Under Fed. R. Civ. P. 4(h)(1)(A) and Fed. R. Civ. P. 4(e)(1), service of the complaint and summons is proper under the "state law for serving a summons…in the state where the district court is located." Id.  In this case, Defendants were properly served under Cal. Civ. Proc. Code §§ 415.20(a) and 415.20(b) by leaving a copy of the complaint and summons with a person of at least 18 years of age (who is apparently in charge of the office) and also mailing a copy of the papers by first-class mail to an address associated with both Defendants.  See Cal. Civ. Proc. Code §§ 415.20(a), (b).  Service is deemed completed on the 10th day after mailing under these provisions.  See id.

Specifically, Defendant ATC was properly served at an address in El Monte, California by leaving a copy of the Complaint and summons with an individual named by the process server as "Violet" and, thereafter, mailing the papers.  See McCarthy Decl., ¶ 10, Ex. 6.  Violet Lee is an account manager of Defendant ATC, and a person "apparently in charge." See id., ¶ 11, Ex. 7; see also Cal. Civ. Proc. Code § 415.20(a).  Similarly, Defendant Hengyucius was properly served at the same address by leaving a copy of the Complaint and summons with an individual named by the process server as "Julie," a secretary who also was someone

---

[2] Ms. Tam stated that Defendants had shown her papers indicating they are a New Jersey corporation, but has not provided a copy of those papers to Plaintiff's counsel.  McCarthy Decl., ¶ 30.  A search of the New Jersey Secretary of State Corporate Records database shows no entry for American Tire Corporation.  Id., ¶ 29.

"apparently in charge." See id., ¶ 12, Ex. 8. The papers were also mailed thereafter. Id. Proofs of service were filed with the Court. See id., ¶¶ 10, 12, Exs. 6, 8 (Dkt. Nos. 13, 14, 19). The same address was used for service on Defendant Hengyucius as a registered agent for "American Seashores International, Inc. a corporation a/k/a American Tire Corporation" in an unrelated action in California in 2008 and Plaintiff's investigations supported the use of this address. See id., ¶¶ 5, 8-9, Exs. 4- 5.

Also, service was proper under Fed. R. Civ. P. 4(h)(1)(B) which states that service is effective upon "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." In this case, the complaint and summons were served upon "Violet" (an account manager) and "Julie" (a secretary), two officers or agents of Defendant ATC, and subsequently mailed to Defendants. See Trustees of the S. Cal. IBEW-NECA Pension Plan, 2008 WL 4297223, at *3 (holding Defendant failed to meet its burden of proof that service was ineffective based on service of a receptionist at office), *available at* McCarthy Decl., ¶ 36, Ex. 24.

Defendants' motion papers notably do not dispute knowledge of Violet and Julie, the persons who received the service copies of the papers. Defendants' motion papers also do not dispute that Defendants are connected to the El Monte address where service was made. Defendant Hengyucius alleges in his declaration that he was never in the city of El Monte for the past two years, but the evidence shows the address was listed as a registered address for him as a registered agent of a related company and was a valid postal address for the company. McCarthy Decl., ¶ 8, Ex. 4; see also Resolution Trust Corp. v. Bowen, No. CV-92-1671-

PHX-PGR, 2008 WL 2001270, at *2 (D. Ariz. May 7, 2008) (finding no strong and convincing evidence of non-service in light of the totality of the evidence of record), *available at* McCarthy Decl., ¶ 38, Ex. 26.

Plaintiffs are not the only ones who, in light of the evidence available as to Defendants' whereabouts, believed the El Monte address was proper for service. On March 17, 2008, an unrelated plaintiff in a case pending in the California Superior Court of Los Angeles County served Defendant Hengyucius as registered agent at the registered El Monte address for "American Seashores International, Inc. a corporation also known as American Tire Corporation." *See* McCarthy Decl., ¶ 9, Ex. 5. Defendants are also in default in that case. *See* id., ¶ 9, Ex. 5; *see also* Resolution Trust Corp, 2008 WL 2001270 at *3 (holding evidence shows service was proper when defendant permitted some other default judgments to be taken against him during the general time period relevant to this action), *available at* McCarthy Decl., ¶ 38, Ex. 26. American Seashores International, Inc. is a corporation that is believed to be either the same entity or closely associated with Defendant ATC and owned and operated by Defendant Hengyucius. *See* id., ¶¶ 5, 8-9, 24, Exs. 4-5, 14. Defendant Hengyucius is listed as a registered agent at the El Monte address based on corporate records of American Seashore International, Inc. Id., ¶ 8, Ex. 4. A postal trace also showed the El Monte address was valid for Defendant ATC. Id.

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." TCI Group, 244 F.3d at 697 (quotations omitted) (emphasis in original). As shown by the totality of the evidence, Defendants have received actual notice of the filing of this action, and have intentionally failed to answer. The proofs of service show that proper service of the Complaint and summons in this case was executed more than

six months ago at the El Monte address.  McCarthy Decl., ¶¶ 10, 12, Exs. 6, 8 (Dkt. Nos. 13, 14, 19); *see* <u>Trustees of the S. Cal. IBEW-NECA Pension Plan</u>, 2008 WL 4297223, at *4 (denying motion to set aside when though defendant denies receiving notice, "the fact remains that the Proof of Service indicates otherwise"), *available at* McCarthy Decl., ¶ 36, Ex. 24.

Moreover, even if Defendants were not aware of this action until being informed of the suit by a reporter at a tire conference as Defendant Hengyucius alleges, that conference was not "recent" but was in mid-September 2008.  *See* McCarthy Decl., ¶¶ 15, 18, Ex. 11.  Defendants had actual notice of the action at that time, and were personally served with *all* the papers in the case on October 6, 2008.  *See* <u>id.</u>, Exs. 16, 17 (Dkt. Nos. 43, 44); *see also* <u>Grand Canyon Resort Corp. v. Drive-Yourself Tours, Inc.</u>, No. CV-05-03469-PHX-SMM, 2006 WL 1722314, at *4 (D. Ariz. June 22, 2006) ("The Ninth Circuit has relaxed the requirements of Rule 4(h) when defendants received actual knowledge of the litigation pending against them in spite of defects in service") (citations omitted), *available at* McCarthy Decl., ¶ 37, Ex. 25.  Defendant Hengyucius, himself, admits in his declaration that he had actual notice of the litigation and the defaults against Defendants at the time of the trade show, but he neglects to mention that the trade show was in September 2008.  *See* Declaration of Hengyucius at ¶¶ 4-5 (Dkt. No. 45); *see also* McCarthy Decl., ¶ 18, Ex. 11.

Even when Defendants retained legal counsel, Defendants did not move expeditiously.  After counsel for Plaintiff attempted to return Ms. Tam's October 26, 2008 call to find out whether she, in fact, was retained by Defendants, there was no response from her for another three weeks and no effort made to file anything in Court for more than two months.  *See* <u>Trustees of the S. Cal. IBEW-NECA Pension Plan</u>, 2008 WL 4297223, at *4 (holding delay of two months to file

any motion or application with the Court seeking relief does not show diligence), *available at* McCarthy Decl., ¶ 36, Ex. 24.

These facts show that Defendants' failure to respond was due to Defendants' own actions and not any actions of Plaintiff.

### B. Defendants Have Indicated They Will Use the Opportunity Presented by Any Lifting of Default to Further Delay the Proceedings and Prejudice Plaintiff

Defendants' motion papers suggest that Defendants will contest jurisdiction in this Court. *See*, e.g., Motion to Set Aside Default (Dkt. No. 45) at 5 ("Without waiving their defense that this Court lacks personal jurisdiction…."). Defendants' counsel also stated that jurisdiction was not proper and suggested she may be filing a motion to transfer the case to New Jersey. Any efforts to contest jurisdiction in view of the numerous facts establishing Defendants' firm connection to this forum would appear to be frivolous and patently designed to further delay the proceedings. For example:

- New Jersey has no listings for Defendant corporation;
- Defendants' own website lists a California address and telephone number;
- Industry trade listings for Defendants include a California address and telephone number; and
- Defendants were personally served in this District.

*See* McCarthy Decl., ¶¶ 11, 26-28, Exs. 7, 16-18.

Defendants failed to respond to Plaintiff's cease and desist letters. Id., ¶ 4. Defendants failed to respond to the summons and Complaint. Id., ¶¶ 13-14, Exs. 9-10. Defendants failed to file their motion to set aside the default for more than three months after admitting knowledge of the action and the pending motion for

default judgment. Defendants failed to conduct an appropriate pre-motion conference prior to filing its motion. Defendants delayed their response to Plaintiff's efforts to resolve Defendants' motion until immediately prior to the deadline for Plaintiff's response. Id., ¶ 34. Had Defendants proceeded in accordance with the rules and conducted a genuine pre-motion conference, the time and cost spent on these papers may have been avoided.

Plaintiff has taken numerous steps to resolve the dispute and advance the litigation and has met with failures by Defendants at every step. These failures on Defendants' part should not be rewarded.

**C.   Should the Court Set Aside Default, Conditions Should Be Imposed to Advance the Case and Ensure Defendants' Compliance with the Rules of Procedure**

Should the Court grant Defendants' motion, the Court has the power to order such conditions as are necessary to ensure that Defendants comply with the rules such that this case can be resolved promptly. For example, Defendants can be ordered to immediately appear before the Magistrate Judge assigned to this case for court-ordered mediation. Defendants can be ordered to pay Plaintiff's costs and fees. Defendants can be ordered to show cause why it should not be subject to the jurisdiction of the Court. Defendants can be ordered to appear for deposition within a Court-ordered time table. *See* Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisana Hydrolec, 854 F.2d 1538, 1546 (9th Cir. 1988) (holding that it is appropriate to condition setting aside a default upon the payment of fees and other appropriate sanctions). In Nilsson, the Ninth Circuit held that "[t]he condition most commonly imposed [upon setting aside a default] is that the defendant reimburse the plaintiff for costs incurred because of the default." Id. (citations omitted). "By conditioning the setting aside of a default, any prejudice

suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified." Id. (citations omitted).

Under the circumstances, Defendants should be ordered to pay Plaintiff for the costs and fees incurred in the second round of service of process, and in preparing and filing the motion for default judgment and the response to the subject motion. ATD also believes that an order for mediation before the magistrate judge will be the only effective way to get Defendants, who have already ignored cease and desist letters, service of process, and the pre-motion conference rules, to seriously address Plaintiff's complaint. An order from the Court requiring mediation between the parties within 30 days of its ruling on this motion would prevent Defendants from further evading legal process.

As such, if the Court should decide to set aside the entries the default, ATD respectfully requests that at a minimum the Court require:

1) Defendants file an answer to the complaint within 20 days from the Court Order;

2) mediation as the next step in this case to take place within a short period of time, such as 30 days from the Court Order, under Settlement Procedure No. 1 of L.R. 16-15.4;

3) Defendant Hengyucius to appear for deposition within a set time period such as 2 weeks after the mediation if mediation is not successful;

4) assuming Defendants are not willing to consent to jurisdiction, Defendants to show cause why they should not be subject to the jurisdiction of this Court in light of the contact information listed their website showing a significant presence in this District and the personal service achieved in this district; and

5) Defendants to pay fees and costs of the litigation to date caused by the delay in Defendants' appearance and by Defendants' failure to conduct an

appropriate pre-motion conference. This would include the costs and fees associated with preparing and filing the motion for default judgment, the costs of the second round of service in October 2008, and the costs and fees associated with preparing and filing these papers. Plaintiff will provide an accounting to the Court upon such an order.

## IV.   CONCLUSION

Because Defendants have made it clear through the course of this dispute that they choose not to abide by the rules of fair legal process and will continue to cause delays, Plaintiff respectfully requests that the Court deny Defendants' Motion to Set Aside Default Entered Against Defendants. In the alternative, Plaintiff respectfully requests that the Court order mediation, payment of fees and costs, and such other conditions as the Court may deem appropriate to ensure Defendants' compliance with the rules.

DATED:   January 27, 2009          **KING & SPALDING LLP**


　　　　　　　　　　　　　　　　*/s/ Lisa Kobialka*
　　　　　　　　　　　　　　　　Lisa Kobialka

　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　AMERICAN TIRE DISTRIBUTORS, INC.