UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN TIRE DISTRIBUTORS, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>AMERICAN TIRE CORPORATION, unincorporated business with an address in El Monte, California, ABRAHAM HENGYUCIUS, an individual, and DOES 1-10,<br><br>　　　　　Defendants. | ) CASE NO. CV 08-02971 MMM (JTLx)<br>)<br>)<br>)<br>) JUDGMENT FOR PLAINTIFF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　　　On May 6, 2008, American Tire Distributors ("plaintiff") commenced this trademark infringement and unfair competition action against American Tire Corporation ("ATC") and its president, Abraham Hengyucius ("defendants"). Defendants did not answer or otherwise respond. The clerk entered ATC's default on July 18, 2008, and Hengyucius's default on August 20, 2008. Plaintiff then moved for default judgment. On January 14, 2009, defendants filed a motion to set aside their defaults, which the court denied on March 2, 2009. In an order dated June 10, 2009, the court granted plaintiff's motion for default judgment. Accordingly,

　　　　IT IS ORDERED AND ADJUDGED

　　　　1.　　That defendants, their agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active

concert or participation with them or any of them, are permanently enjoined and restrained:

(a) From using AMERICAN TIRE CORPORATION as a trademark, service mark, trade name, or otherwise, and any colorable imitation thereof, including but not limited to any name or mark that includes "AMERICAN TIRE" and any name or mark confusingly similar to or likely to cause confusion with the American Tire Distributors trademark;

(b) To take down any and all website content using the name AMERICAN TIRE CORPORATION (e.g., the content at http://www.americantire.us and http://www.abnews.us/atc) and to cease issuing press releases or advertisements or other promotional materials using the name AMERICAN TIRE CORPORATION;

(c) From representing by any means whatsoever, directly or indirectly, that defendants or any products or services offered by defendants, are associated in any way with plaintiff or its products or services, and from otherwise taking any other action likely to cause confusion, mistake, or deception on the part of purchasers or consumers; and

(d) From doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers into the belief that defendants' products or services come from or are the products or services of plaintiff, or are somehow sponsored or underwritten by, or affiliated with, plaintiff, and from otherwise unfairly competing with plaintiff or misappropriating that which rightfully belongs to plaintiff.

2. Defendants are ordered to relinquish registration of the domain name, "AMERICANTIRE.US" and all other registrations of domain names that colorably imitate plaintiff's American Tire Distributors mark, and transfer said registration(s) to plaintiff. Defendants are limited to use of a domain name or names that do not use AMERICAN TIRE, any colorable imitation of the American Tire Distributors trademark, or any name or mark confusingly similar thereto.

3. Defendants are ordered to amend the records of any relevant Secretary of State offices to delete any reference to AMERICAN TIRE CORPORATION as a business name or assumed name and are limited to use of a corporate name that does not use AMERICAN TIRE, any colorable imitation of the American Tire Distributors trademark, or any name or mark confusingly similar thereto or likely to cause confusion with the American Tire Distributors trademark.

4. Defendants are ordered to file with this court and to serve on plaintiff within thirty (30) days after the service of this injunction a report in writing under oath, setting forth in detail the manner and form in which defendants have complied with the foregoing injunctions.

5. Plaintiff shall recover from defendants, jointly and severally, reasonable attorneys' fees and costs.

6. The court will retain jurisdiction for the purpose of hearing applications and making orders necessary or appropriate to enforcement of this judgment.

DATED: June 10, 2009

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE